UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ALLEMON and,　　　　　　　　　　Case No. 11-15400
DAWN ALLEMON,

　　　　　　Plaintiffs,
　　　　　　　　　　　　　　　　　　　　　Paul D. Borman
v.　　　　　　　　　　　　　　　　　　　　United States District Judge

COUNTRYWIDE HOME LOANS, INC.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. and CWABS INC.,

　　　　　　Defendants.
_____/

<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 4)</u>

This matter is before the Court on Defendants Countrywide Home Loans, Inc. ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("MERS") and CWABS, Inc. ("CWABS") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed a response (ECF No. 6) and Defendants filed a reply (ECF No. 7). The Court held a hearing on October 16, 2012. For the reasons that follow, the Court GRANTS Defendants' motion to dismiss.

**INTRODUCTION**

Plaintiffs have defaulted on their mortgage loan and foreclosure proceedings have been voluntarily adjourned pending the outcome of these proceedings. Plaintiffs claim that the assignment of their mortgage from Mortgage Electronic Systems, Inc. ("MERS") to CWABS, Inc. ("CWABS")[1]

---

[1] Plaintiffs provide no basis for their erroneous assertion that the Mortgage was assigned from MERS to "CWABS." The Assignment expressly states that MERS assigned all of its interest in the mortgage to non-party the Bank of New York Mellon f/k/a The Bank of New York, as trustee for the

1

rendered the mortgage null and void and that no entity has authority to foreclose on their home. They seek, through their one-count Complaint, to quiet title to the property in their name. For the reasons that follow, the Court concludes that Plaintiffs have failed to state a valid quiet title claim and GRANTS Defendants' motion to dismiss.

## I. BACKGROUND

On April 25, 2006, Plaintiffs Donald and Dawn Allemon obtained a mortgage loan (the "Loan") from Defendant Countrywide Home Loan, Inc. ("Countrywide") in the amount of $187,000. (Compl. ¶ 10, Ex. 1.) As security for the Loan, Plaintiffs granted a Mortgage (the "Mortgage") on their home located at 8414 Marine City Highway, Casco, Michigan 48064-4410 (the "Property") to MERS, solely as nominee for Countrywide. (Compl. ¶ 11; Defs.' Mot. Ex. B, Recorded Mortgage to MERS.)[2] The Mortgage Instrument provided that MERS, as mortgagee under the Mortgage, acted "as nominee for Lender and Lender's successors and assigns." (Defs.' Mot. Ex. B, Mortgage 1.) The Mortgage further provides that MERS has the right to foreclose on and sell the property. *Id.* at 3. On August 27, 2011, MERS assigned all of its interest in the Mortgage to non-party The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWABS Inc., Asset-Backed Certificates, Series 2006-11 ("BNYM"). (Compl. Ex. 4, August 27, 2011 Assignment.)

Non-party Bank of America N.A. ("BANA") is the servicer of Plaintiffs' mortgage. (Compl.

---

Certificate Holders of CWABS, Asset-Backed Certificates, series 2006-11. (Compl. Ex. 4.)

[2] Defendants attach a copy of the recorded Mortgage to their Motion. "[D]ocuments attached to a motion to dismiss that are referred to in the Complaint and central to the claim are deemed to form part of the pleadings," and therefore may be considered on a motion to dismiss. *Snell v. Wells Fargo Bank, et al.*, No. 11-cv-12018, 2012 WL 1048576, at *2 (E.D. Mich. March 28, 2012) (citing *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999)).

¶ 12, Ex. 3.) In 2011, Plaintiffs fell behind on their mortgage payments. (Compl. ¶ 16.) Plaintiffs sent a Qualified Written Request for documentation of their Loan to their loan servicer, BANA, on April 26, 2011. (Compl. ¶ 20, Ex. 3.) Plaintiffs never cured the default, which they do not dispute, but instead filed this action seeking to Quiet Title in their name, claiming that the underlying Mortgage is a nullity.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969). ,

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 2499, 2509 (2007).

### III. ANALYSIS

The only claim pled in Plaintiffs' Complaint is an action for Quiet Title. Plaintiffs allege that their mortgage is "a nullity" and creates an improper cloud on their title to the Property. (Compl. ¶¶ 35-36.) Plaintiffs ask this Court to determine that Plaintiffs hold full legal and equitable title to the Property. *Id.* at 6. Plaintiffs challenge the validity of the assignment of their mortgage from

4

MERS to BNYM and assert that BNYM has no authority to foreclose.[3]

First, the Court notes that "quiet title" is "not a separate cause of action, but rather, it is a remedy." *Shaya v. Countrywide Loans, Inc.*, No. 11-1484, 2012 WL 1816233, at *4 (6th Cir. May 21, 2012). *See also Kapila v. Bank of New York Mellon*, No. 12-12858, 2012 WL 4450816, at *2 (E.D. Mich. Sept. 25, 2012) ("As the Sixth Circuit recently observed, "quiet title" is not a separate cause of action, but rather, it is a remedy.") (quoting *Shaya, supra*).

More importantly, there has been no foreclosure sale and the parties do not dispute that Plaintiffs still hold valid legal title to their home. At the present time, no other entity is claiming superior title and there is nothing to "quiet" in the instant case. In an action seeking quiet title relief, plaintiff has the initial burden of proof, which then shifts to the defendant to prove that it has superior title in the property at issue. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Road Com'n*, 236 Mich. App. 546 (1999). *See also Estate of Malloy v. PNC Bank*, No. 11-12922, 2012 WL 176143, at *8 (E.D. Mich. Jan. 23, 2012) ("Under Michigan law, the plaintiff has the burden of proof in an action to quiet title and must make out a prima facie case of title."). In the instant case, there has been no foreclosure sale, Plaintiffs still reside in their home and still possess title to their home. As counsel for Defendants confirmed at the hearing on this matter, Defendants claim no superior title and concede Plaintiffs' superior title at this point in time. It is undisputed that Plaintiff still holds valid title to the property and at the present time no other party

---

[3] Plaintiffs sue CWABS in this action and claim that "CWABS is threatening to foreclose by advertisement." (ECF No. 6, Pls.' Resp. 16.) However, as noted *supra* in footnote one, Plaintiffs have offered no factual support for their contention that CWABS was ever, or is now, the assignee of their Mortgage or that CWABS was the party to initiate foreclosure proceedings against the Property. The record evidence attached to Plaintiffs' Complaint establishes that BNYM was the assignee of the mortgage from MERS. (Compl. Ex. 4, Assignment.)

is asserting that it possesses superior title. There simply is no title dispute and Plaintiffs do not have a valid quiet title claim. *See Yaldo v. Deutsche Bank Nat'l Trust Co.*, No. 10-11185, 2010 WL 4940024, at *5 (E.D. Mich. Nov. 30, 2010) (holding that because "there has been no foreclosure, sheriff's sale, or any running of a redemption period that would legally divest Yaldo of title to his property . . . there are no competing claims to title, there is nothing to quiet."). For this reason alone, Plaintiffs' one-count Quiet Title Complaint is dismissed.

Plaintiffs also suggest in their brief in response to Defendants' motion, and apparently predicate their quiet title claim on this assertion, that BNYM has no authority to foreclose in this case. Plaintiffs granted a mortgage to MERS, solely as nominee for Countrywide, which expressly granted MERS the right to foreclose on their home. (Defs.' Mot. Ex. B, Mortgage at 3.) MERS clearly possessed a valid right to foreclose by advertisement on Plaintiffs' mortgage. *See Residential Funding Co. v. Saurman*, 490 Mich. 909 (2011) (confirming MERS' right to foreclose by advertisement). As Exhibit 4 to Plaintiffs' Complaint makes clear, MERS assigned the Mortgage to BNYM on August 27, 2011. (Defs.' Mot. Ex. A Compl., Ex. 4, Assignment of Mortgage.) As MERS' assignee, BNYM acquired all rights that MERS had with regard to the Property, including the right to foreclose by advertisement. *See Hargrow v. Wells Fargo Bank, N.A.*, No. 11-1806, 2012 WL 2552805, at *3 (6th Cir. July 3, 2012) (finding that Wells Fargo, as MERS assignee, stood in the shoes of MERS, its assignor, and had the power to foreclose by advertisement); *Coyer v. HSBC Mtg. Services*, No. 10-14339, 2011 WL 6181916, at * 3 (E.D. Mich. Dec. 13, 2012) ("It follows that any party receiving a MERS interest by assignment would also have the right to foreclose [by advertisement]."); *Stack v. BAC Home Loans Servicing, L.P.*, No. 11-13746, 2012 WL 3779186 at *3 (E.D. Mich. Aug. 31, 2012) (holding that the reasoning of *Saurman*, that MERS has authority to

6

foreclose by advertisement, likewise applies to assignees of MERS). Accordingly, the Court rejects Plaintiffs' unsupported assertion that BNYM, as MERS assignee, has no authority to foreclose on Plaintiffs' mortgage.[4]

Moreover, as a stranger to the assignment of the Mortgage from MERS to BNYM, Plaintiffs lack standing to bring a quiet title or any other claim that challenges the validity of that assignment. *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010), *cert. denied*, __U.S.__, 131 S.Ct. 1696 (2011) (recognizing that "a litigant who is not a party to an assignment lacks standing to challenge that assignment") (internal quotation marks and citation omitted). Plaintiffs have not alleged that they are "subject to double liability on [their] debt," and therefore "cannot credibly claim to have standing to challenge the [assignment]." *Id. See also Yuille v. American Home Mortgage Services, Inc., et al.*, No. 10-2564, 2012 WL 1914056, at *2 (6th Cir. May 29, 2012) (holding that plaintiff, as a stranger to an assignment of a mortgage which the assignor and assignee had ratified by their subsequent conduct in honoring its terms, lacked standing to challenge its validity); *Kapila*, 2012 WL 4450816, at *2 (holding that "because Plaintiff does not and cannot allege that he is at risk of paying the same Mortgage Loan debt twice, he cannot raise a defense that would render the challenged assignment invalid, ineffective, or void"); *Stack*, 2012 WL 3779186, at *5 (holding that "Plaintiffs, who were not parties to the assignment, lack standing to challenge the validity of the assignment between MERS

---

[4] Nor will the Court address Plaintiffs' claim (also not pled in their Complaint) that they need a "declaration" by this Court as to who has the authority to foreclose on their home. The Michigan foreclosure by advertisement statute, Mich. Comp. Laws § 600.3204(1)(d), defines who has the right to foreclose and counsel for Defendants clearly spelled out for Plaintiffs who those entities are in this case: BNYM as the mortgagee, BANA as the servicer of the loan and Countrywide as holder of the Note. There is no mystery here and no need for any pronouncements from this Court on this issue.

and BANA").

## IV. CONCLUSION

Because Plaintiffs cannot state a valid claim for quiet title, the Court GRANTS Defendants' motion to dismiss and DISMISSES Plaintiffs' Complaint with prejudice.[5]

IT IS SO ORDERED.

_____
Paul D. Borman
United States District Judge

Dated: 10-25-12

---

[5] In their response to Defendants' motion to dismiss, Plaintiffs suggest that there may have been a failure to comply with the notice provisions Mich. Comp. Laws § 600.3205. This claim was not pled in Plaintiffs' Complaint, Plaintiffs have not filed a motion to amend their Complaint and, in any event, the allegations regarding this claim as stated in Plaintiffs' brief are conclusory and fail to plausibly suggest a claim on this basis. *Twombly*, 550 U.S. at 556.